UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**

**GARY C. ZEITZ, L.L.C.**
LINDA S. FOSSI, ESQUIRE (LF 1720)
ROBIN LONDON-ZEITZ, ESQUIRE (RZ 2933)
1101 Laurel Oak Road, Suite 170
Voorhees, New Jersey 08043
(856) 857-1222
*Attorneys for Creditor,*
US BANK CUST/PC7 FIRSTRUST BK

Order Filed on June 29, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:

NICOLE D. REYNOLDS

Case No.: 20-14450/JNP

Chapter 13

Hearing Date: July 14, 2020 @ 11:00 a.m.

Judge: Jerrold N. Poslusny, Jr.

## ORDER RESOLVING MOTION FOR RELIEF FROM AUTOMATIC STAY

The relief set forth on the following page, numbered two (2) through three (3) is hereby **ORDERED**.

**DATED: June 29, 2020**

Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

THIS MATTER having come before the Court upon the motion of US Bank Cust/PC7 Firstrust Bk ("Creditor") requesting the entry of an Order for relief from the automatic stay to proceed with a foreclosure proceeding against Nicole D. Reynolds (the "Debtor"), and the following appearances having been entered, Linda S. Fossi, Esquire, Gary C. Zeitz, L.L.C. attorneys for Creditor and Joseph J. Rogers, Esquire, attorney for the Debtor; and

IT APPEARING that Creditor is the holder of certain tax lien(s) (the "Tax Lien") secured by the Debtor's real estate located at 13 Blossom Trail, Winslow, New Jersey, Block 12802, Lot 25 (the "Property"); and

IT FURTHER APPEARING that Creditor filed a motion (the "Motion") for relief from the automatic stay to foreclose the Tax Lien; and

IT FURTHER APPEARING that the Debtor now seeks to pay the amounts owed to Creditor through their Chapter 13 plan; and the parties having agreed to the form and entry of this Order,

IT IS ORDERED as follows:

1. Creditor shall file a proof of claim by July 15, 2020, which claim shall be deemed a timely filed allowed claim pursuant to the bankruptcy code and rules. Creditor's claim shall be paid by the Debtor over the remaining months of the Debtor's Chapter 13 Plan.

2. The Debtor shall continue to pay all post-petition taxes owing to Winslow on account of the Property in a timely manner, except to the extent that Creditor has already paid said post-petition taxes.

3. The Debtor shall continue to pay all payments owed to the Chapter 13 Trustee in a

timely manner.

4.	In the event the Debtor fails to make any of the post-petition payments required to be made to Winslow on account of the Property or fails to make any payments under the Chapter 13 plan, within thirty (30) days of the due date, then Creditor may be entitled to relief from the automatic stay pursuant to 11 U.S.C. §362(d). Said relief may be granted upon application of Creditor, with fourteen (14) days notice to the Debtor and Debtor's counsel, setting forth the default in question.

5.	Creditor is granted an administrative claim, which will be paid through the Debtor's Chapter 13 plan, in the amount of $500.00 on account of the legal fees and costs incurred in the prosecution of its relief from stay motion.